UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **RUSSELL L. PREVATTE,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Arising from No. 2:92-CR-42 |
| **UNITED STATES OF AMERICA,** | ) ) | |
| Respondent. | ) | |

**RESPONSE TO PETITIONER'S HABEAS PETITION**

Comes now the United States of America by David Capp, United States Attorney for the Northern District of Indiana, and Joshua P. Kolar, and files the Government's Response to the Court's Order to Respond to Defendant Russell L. Prevatte's Petition for Writ of Audita Querea Pursuant tot he All Writs Act, 28, United States Code, Section 1651:

**Procedural Posture**

Prevatte was convicted of destroying, by means of a bomb, property which was used in or affected interstate commerce, which resulted in the death of another human being, a violation of 18 U.S.C. § 844(i). *United States v. Prevatte*, 16 F.3d 767, 773 (7th Cir. 1994). Based on then existing Seventh Circuit precedent, the interstate commerce nexus requirement was satisfied since the destroyed property had been supplied by natural gas from outside the state. *Id.* at 771 n. 3 (citing *United States v. Stillwell*, 900 F.2d 1104, 1107 (7th Cir. 1990)). In 2000, the Supreme Court overturned *Stillwell* in *Jones v. United States,* holding that a private residence that received interstate natural gas was not "used" in commerce for purposes of 18 U.S.C. § 844(i). *Jones v. United States*, 529 U.S. 848 (2000).

This case has a long and tortured procedural history. The United States Court of Appeals

1

for the Seventh Circuit has ruled on both the defendant's direct appeal and a subsequent "motion to recall the mandate," which it construed as a writ of habeas corpus under 28 U.S. C. § 2241. *See, e.g.*, *United States v. Prevatte*, 16 F.3d 767 (7th Cir. 1994) (affirming the defendant's conviction and remanding for resentencing); *United States v. Prevatte*, 66 F.3d 840 (7th Cir. 1995) (affirming in part and reversing in part the sentence on remand); *United States v. Prevatte*, 300 F.3d 792 (7th Cir. 2002) (transfering the defendant's habeas petition).  Prevatte has also taken his claims to District Courts, and subsequently Courts of Appeal, in both the Ninth and Tenth Circuit.  *See, e.g.,*  *Prevatte v. Adams*, 27 F.App'x, 726 (9th Cir. 2001) (affirming the dismissal of the defendant's petition); *Prevatte v. Gunja*, 167 Fed.Appx 39 (10th Cir. 2006 (affirming dismissal and finding that defendant did not establish his actual innocence).

Prevatte now challenges his conviction based upon the United States Supreme Court's 2000 decision in *Jones v. United States*, 529 U.S. 848, which held that a private residence not used for any commercial purpose did not qualify as a property used in an activity affecting interstate commerce for purposes of the federal arson statute.  While this decision may have impacted the defendant's co-defendant, *see, United States v. Soy*, 413 F.3d 594 (7th Cir. 2005), the defendant's case is factually and procedurally different.

### The Defendant's Trial

On March 18, 1992, Russell Prevatte (Prevatte) and Robert A. Soy (Soy), together with Douglas Bergner (Bergner) and Jerry Williams (Williams), were charged in a twenty-four count indictment.[1] (R-1).  Prevatte and Soy, along with Bergner and Williams, were charged in Count 1

---

[1] Williams pled guilty to Count 2 of the indictment and testified at trial against the appellants.  (R-138)  Bergner pled guilty to counts 1 and 14 and testified against appellants.  (R-135)

with conspiracy to damage, by means of an explosive, buildings or property used in interstate commerce, in violation of 18 U.S.C. § 371. (R-1).  Count 2 charged the defendants with damaging and destruction by means of an explosive, a building and other property affecting commerce and resulting in death. (R-1).  Counts 6, 10, 14 and 18 charged the defendants with damaging by means of an explosive, a building and property used in interstate commerce, in violation of 18 U.S.C. § 844(i). (R-1).  Counts 3, 7, 11, 15, and 19 charge the defendants with possessing an unlawfully-made firearm, that is a pipe bomb, in violation of 26 U.S.C. § 5861(c). (R-1).  Counts 4, 8, 12, 16 and 20 charged the defendants with possession of an unregistered firearm, a pipe bomb, in violation of 26 U.S.C. § 5861(d). (R-1).  Counts 5, 9, 13, 17 and 21 charged the defendants with unlawfully making a firearm, a pipe bomb, in violation of 26 U.S.C. § 5861(f).[2] (R-1).  Prevatte pled not guilty on April 6, 1992 and Soy pled not guilty on April 16, 1992. (R-33, 41).  They were ordered detained pending trial. (R-14, 16).

The case was tried to a jury on June 18-19, 22-26, 29, 1992.  (R-166, 171-74, 176, 179, 181).  On July 1, 1992, the jury found Prevatte and Soy guilty on Counts 1, 2, 6-8, 10-12, 14-16 and 18-20 and not guilty on Counts 3-5, 9, 13, 17 and 21. (R-182).  The facts of the defendant's trial are recounted in the published opinions cited above and *Prevatte v. Gunja*, which held that:

> As recited in the decision on petitioner's direct appeal, the bombing in question not only caused the residential damage emphasized by the government but also punctured a gas meter.  This damaged property did have a *function* tied to commerce, as required by *Jones.*

*Prevatte*, 167 Fed.Appx at 45 (internal citations omitted)

---

[2]   Counts 22, 23 and 24 charged Jerry Williams with obstructing an ATF investigation by furnishing information to Russell Prevatte, in violation of 18 U.S.C. § 1505. (R-1).

**Argument**

The defendant's petition is a second and successive § 2255 petition, which this court does not have the jurisdiction to hear. While the defendant argues that "because *Jones* came down after he filed his initial § 2255, so then the appropriate remedy now to correct this legal defect in Petitioner (sic) conviction is the Writ of Audita Querela," (Pet. at Pg. 2) the motion is properly characterized a habeas petition under §§ 2255 and 2241.

**1.    The Defendant's Petition Falls Under §§ 2255 and 2241.**

The defendant raises an "actual innocence" argument in light of *Jones v. United States*. (Pet. at Pg. 26) This is precisely the issue that the defendant raised in his "motion to recall the mandate," which the Seventh Circuit has already found proper "to construe[] as a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Prevatte*, 300 F3d at 794. "Prisoner cannot avoid AEDPA's rules by inventive captioning." *Melton v. United States*, 395 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.") (internal citations omitted)

4

**2.    The Defendant's Claims Were Already Adjudicated and This Court Lacks Jurisdiction to Revisit Them.**

In 2002, the court of appeals rejected the defendant's § 2255 motion as an unauthorized second or successive motion.  *Prevatte*, 300 F.3d at 792.  The Seventh Circuit closely analyzed the defendant's motion and determined that his claim was not based upon a new rule of constitutional law, making him ineligible to pursue a second habeas petition under § 2255. *Id.* Prevatte's current motion relies solely on Supreme Court's decision in *Jones v. United States*, the very same argument the Seventh Circuit expressly rejected in 2002.  The defendant's motion fails to state any additional claims that would authorize this petition."Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. . ." Rules Governing § 2255 Proceedings, Rule 9.  This court has no jurisdiction to hear Defendant's second and successive § 2255 petition.  *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.")

To obtain relief under 28 U.S.C. § 2255, a petitioner must show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir.

5

1995).  A motion pursuant to 28 U.S.C. § 2255 "is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citation omitted)

Additionally, after the Seventh Circuit found that the defendant's claims were not cognizable under § 2255, it transferred the case to the District of Colorado to determine whether § 2255 was inadequate or ineffective entitling him to relief under § 2241. *Id.*  The Tenth Circuit Court of Appeals flatly rejected the defendant's claim that in light of the *Jones* decision he stood convicted of actions congress did not intent to criminalize, stating:

> In sum, we conclude that petitioner has failed to demonstrate that he is entitled to the extraordinary relief sought in this proceeding. The deficiency in his case is ultimately a function of the limitations Congress has imposed on the remedy provided in § 2255, in particular its bar on second or successive motions. Our responsibility is to enforce the statute as written.

*Prevatte*, 167 Fed.Appx. at 46.

**3. The Defendant's Claims are Time-Barred.**

Before the defendant's claim can be considered on the merits, he must establish that he has met the procedural requirements of § 2255.  This he cannot do.  28 U.S.C. § 2255(f) limits claims to a one-year statute of limitations.[3]  The defendant's claims that his argument stems from

---

[3] 28 U.S.C. § 2255(f) states:
   The limitation period shall run from the latest of–
      (1) the date on which the conviction becomes final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

6

a newly recognized right, therefore the one-year statute of limitations would run from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). However, Defendant's § 2255 motion was filed more than eight years after *Jones v. United States* was decided, clearly placing it outside the statute of limitation. Therefore, Defendant's § 2255 motion is untimely and should be dismissed.

In his petition, Prevatte argues that his first request for relief under *Jones v. United States* was filed in 2001. (App. at 9-10). Prevatte fails to mention that even this previous motion violates § 2255's one-year statute of limitations. The opinion in *Jones v. United States* was issued on May 22, 2000, more than one year before Defendant's original claim of actual innocence filed on December 27, 2001. *Jones*, 529 U.S. 848; *United States v. Prevatte*, 300 F.3d 792, 796 (7th Cir. 2002).

Although never requested by Prevatte, it is necessary to briefly address the doctrine of equitable tolling and demonstrate why it does not apply to Petitioner. The Seventh Circuit previously determined that ignorance of the law and prison transfer do not warrant equitable tolling. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The court also specifically held that a prisoner's incarceration is not an extraordinary circumstance to warrant equitable tolling. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) More recently, the court held that actual innocense is not a freestanding exception to the time limits in § 2244(d). *Arujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005). Although never requested, Prevatte is not entitled to equitable tolling and his § 2255 motion should be dismissed as untimely.

7

WHEREFORE, the United States requests that the defendant's § 2255 petition be:

1) Dismissed as an untimely petition in violation of § 2255's one-year statute of limitations, or in the alternative,

2) Dismissed as an unauthorized second or successive petition that raises no new issues of Constitutional law.

        Respectfully submitted,

        DAVID CAPP,
        UNITED STATES ATTORNEY

        By: s:/ Joshua P. Kolar
        Assistant United States Attorney
        United States Attorney's Office
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320
        Tel: (219) 937-5500
        Fax: (219) 852-2770

**CERTIFICATE OF SERVICE**

This is to certify that on September 4, 2009 I have taken steps to mail a copy of the foregoing **RESPONSE TO PETITIONER'S HABEAS PETITION**, postage prepaid, properly addressed to:

Russell Prevatte

03469-027
PEKIN FCI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO BOX 5000
PEKIN, IL 61555


/s Joshua P. Kolar

Joshua P. Kolar
Assistant United States Attorney

United States Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Tel: (219

9