UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:92 CR 42 |
| | ) | |
| **RUSSELL PREVATTE** | ) | |

**OPINION and ORDER**

This matter is before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 444.) For the reasons that follow, the motion is denied.

**I.     BACKGROUND**

In 1990 and 1991, defendant committed a series of burglaries which involved detonating pipe bombs as diversions; one of these bombs resulted in the death of an elderly woman. A jury found defendant guilty of over a dozen charges related to the illegal use of explosives. At sentencing, Judge Rudy Lozano heard evidence that defendant had participated in an additional killing and two other shootings. Judge Lozano sentenced defendant to life imprisonment, but after two appeals, his sentence was reduced to 44 years. Defendant is currently incarcerated at FCI Elkton, with a projected release date of December 31, 2029, which is just over six years from now. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 17, 2023).

Defendant filed a *pro se* motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming he is entitled to compassionate release.

(DE # 444.) A representative of the Northern District of Indiana Federal Community Defenders filed a notice of non-representation. (DE # 454.) The motion is fully briefed and ripe for ruling.

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Because, as explained below, defendant has failed to establish any extraordinary and compelling reason for compassionate release, the court need not analyze any other elements, and the motion must be denied. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

The court is only authorized to grant defendant's request if there exist "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission

defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, for example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

Defendant is 54 years old. He argues that he suffers from the following: "borderline" diabetes, ulcerative colitis, high blood pressure, high cholesterol, sleep apnea, a high BMI, and obesity. (DE # 444 at 35.) Defendant also states that he has a "hard time breathing" and "feel[s] tired all the time." (*Id.*) He argues that these conditions, plus the complications and dangers of COVID-19, constitute "extraordinary and compelling" reasons.

3

The court acknowledges defendant's ailments. However, there is no evidence in the record indicating that defendant's relatively common health conditions are not well-controlled by medical care available to defendant while incarcerated, or that his abilities to provide self-care while incarcerated are diminished. Defendant does not dispute that he has received appropriate treatments and devices, including a C-PAP machine, for his conditions. In short, there is no evidence that defendant's medical ailments constitute extraordinary and compelling reasons justifying compassionate release.

The court further acknowledges the fact that many of defendant's medical conditions constitute comorbidities that place him at greater risk for contracting and suffering complications from COVID-19. However, defendant has received multiple COVID vaccines, which the BOP offers to all federal prisoners. *Ugbah,* 4 F.4th at 597. Further, defendant's institution, FCI Elkton, has 2 current cases of COVID in a population of over 2,000 inmates, and zero COVID-related deaths have occurred there. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (last visited Oct. 17, 2023). Though COVID is a health concern for individuals like defendant suffering from comorbidities, the relatively mild and controlled nature of these health concerns combined with a relatively low risk of COVID infection and the availability of vaccines lead this court to conclude that extraordinary and compelling reasons do not exist for compassionate release.

Defendant urges the court to consider that reasons beyond medical, age, and family circumstances could qualify as "extraordinary and compelling" reasons justifying compassionate release under the "catch-all" provision of U.S.S.G. § 1B1.13, application

note (1)(D), which allows for consideration of "other reasons." (DE # 444 at 23.) Specifically, defendant argues that the court should consider the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005), as an "extraordinary and compelling" reason. (DE # 469.) In that case, the Court found that the Sentencing Guidelines were advisory, not mandatory. However, a non-retroactive change to a sentencing scheme is not an extraordinary and compelling reason under § 3582(c)(1)(A). *United States v. Williams,* 65 F.4th 343, 347 (7th Cir. 2023); *United States v. Thacker,* 4 F.4th 569 (7th Cir. 2021). Accordingly, the court rejects defendant's argument that *Booker* – or any other non-retroactive change in the law – constitutes an extraordinary and compelling reason justifying compassionate release.

Next, defendant argues that the court should consider applying proposed amendments to the Sentencing Guidelines, which would define an "unusually long sentence" as an extraordinary and compelling reason. (DE # 490.) *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28254, 28255 (May 3, 2023) (to be potentially codified at U.S.S.G. § 1B1.13(b)(6)). In support of his argument, defendant contends that his 44-year sentence is disproportionately severe compared to other defendants. (DE # 461 at 5; DE # 488.) He cites to *United States v. Trenkler,* 537 F. Supp. 3d 91, 93 (D. Mass. 2021), where another defendant who was found guilty of "almost the same conduct" received a sentence of only 41 years.

5

The proposed amendment cited by defendant is not the law in this Circuit unless and until it is officially adopted, and that adoption could be prevented by Congressional action. Accordingly, the court rejects defendant's argument on this basis. *United States v. Watford,* No. 3:97-CR-26-RLM, 2023 WL 4862905, at *4 (N.D. Ind. July 31, 2023) (denying motion to apply uncodified Section 1B1.13(b)(6)). Further, the district court opinion cited by defendant has been vacated by the First Circuit Court of Appeals. *United States v. Trenkler,* 47 F.4th 42, 50 (1st Cir. 2022). In any event, defendant's sentence does not qualify as "unusually long," nor is the disparity between 44 years and 41 years significant enough to warrant the extraordinary remedy of compassionate release.

## III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release (DE # 444). Defendant's related motions to supplement the record are **GRANTED**. (DE ## 488, 490.)

**SO ORDERED.**

Date: October 17, 2023

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT