**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:92 CR 42** |
| | ) | |
| **RUSSELL PREVATTE** | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Russell Prevatte's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and related filings. (DE ## 492, 493, 495, 496, 498, 501, 502, 503.) For the reasons that follow, Prevatte's motion for compassionate release is denied.

## I. BACKGROUND

In August of 1994, following a jury trial, Prevatte was convicted of fourteen counts of explosives and firearms violations arising out of a series of burglaries that he and his co-defendants committed in the Hammond area in 1990 and 1991. *United States v. Prevatte*, 16 F.3d 767, 770-71 (7th Cir. 1994). Prevatte and his co-defendants used pipe bombs as diversions to help them commit burglaries. *Id.* at 771. On December 23, 1991, Prevatte detonated the first such bomb in an alley of a residential neighborhood in Hammond, killing an innocent bystander. *Id.* Prevatte and his co-defendants did not stop; they went on to detonate additional bombs, including near occupied residences and a restaurant, before they were apprehended. *Id.*

Prevatte was originally sentenced to life imprisonment. His sentence was twice reduced on appeal, first to 53 years and, ultimately, to 528 months (44 years). Prevatte's

co-defendant Robert Soy separately obtained relief on appeal from his own conviction on Count Two, the count charging a violation of 18 U.S.C. § 844(i) in connection with the bombing that killed the bystander, on the ground that the property involved was not shown to be "used in" interstate commerce as required after *Jones v. United States*, 529 U.S. 848 (2000). *United States v. Soy*, 413 F.3d 594, 600-01 (7th Cir. 2005). On remand, however, the district court resentenced Soy to the same term of 528 months based on his remaining convictions and the seriousness of his conduct, and the Seventh Circuit affirmed. *Id.* at 601, 608.

Prevatte is now 56 years old and has served more than 30 years of his sentence. This is Prevatte's second motion for compassionate release. His first was denied by this court in 2023. (DE ## 444, 491.) Prevatte filed the present motion on January 16, 2024, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), principally arguing that he is serving an unusually long sentence within the meaning of U.S.S.G. § 1B1.13(b)(6), and that intervening changes in the law, including *Jones* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), have created a gross disparity between the sentence he is serving and the sentence he would likely receive today. (DE # 493.)

Prevatte later moved to amend his motion to add an argument under Section 1B1.13(b)(5)'s catch-all "other reasons" provision, based on a combination of his youth at the time of the offense, his age and health today, his rehabilitation, and the asserted sentencing disparity. (DE # 495.) Prevatte has since filed several motions to supplement the record with additional authority. The government opposes the motion (DE # 499), and Prevatte has replied (DE # 500). The court granted Prevatte's motion to stay

proceedings until the Supreme Court decided *Fernandez v. United States*, No. 24-556. (DE ## 504, 505.) The Supreme Court recently decided that case, so this matter is now ripe for ruling.

## II. LEGAL STANDARD

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). There are, however, a handful of statutory exceptions to this rule. Under one such exception, a court may grant a convicted defendant compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

## III. ANALYSIS

### A. Administrative Exhaustion

The government does not challenge Prevatte's assertion that he exhausted his administrative remedies. It therefore appears that either Prevatte has satisfied Section 3582(c)(1)(A)'s exhaustion requirement, or the government has waived the issue. *See e.g. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."). Accordingly, the court will proceed to the merits of Prevatte's motion.

**B. Section 1B1.13(b)(6)**

Section 1B1.13(b)(6) permits a sentence reduction where the defendant has served at least ten years of an unusually long sentence and a "change in the law" has produced a "gross disparity" between that sentence and the one he would likely receive today. The only two changes in law Prevatte identifies are *Jones*, under which he argues his Count Two conviction is now invalid because the property involved was not "used in" interstate commerce. He further argues that under *Apprendi,* the judge, rather than a jury, improperly found that his bombing caused the victim's death. (DE # 493 at 4-9, 13-19; DE # 501 at 1-3.)

In *Fernandez v. United States,* 146 S. Ct. 1292 (2026), the Supreme Court held that "a prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255, not 18 U.S.C. § 3582." The Court further held that the supposed invalidity of a conviction "is not among the 'extraordinary and compelling reasons' that justify compassionate release." *Id.* Both of Prevatte's arguments are challenges to the validity of his conviction or sentence, not assertions of the kind of personal circumstance — illness, age, or family need — that Section 3582(c)(1)(A) is designed to address. Therefore, they must be brought, if at all, under 28 U.S.C. § 2255.

**C. Section 1B1.13(b)(5)**

Section 1B1.13(b)(5) provides that a defendant has an extraordinary and compelling reason for compassionate release if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Prevatte points to his youth at the time of the offense (he was 22), his age today (56), his rehabilitation over more than three decades of incarceration, and various chronic health conditions, including hypertension, sleep apnea, ulcerative colitis, aortic valve disease, and obesity.

The court does not discount the rehabilitative efforts Prevatte describes, including his vocational coursework, his work assignments, his lack of any violent disciplinary infraction in over a decade, and his family's willingness to support his reentry. But "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Rehabilitation may be considered only "in combination with other circumstances," U.S.S.G. § 1B1.13(d), and Prevatte's circumstances, combined, do not approach the gravity of terminal illness, incapacitation, or the loss of a minor child's only caregiver, the paradigm circumstances Section 1B1.13(b) otherwise addresses. Prevatte's chronic health conditions, while genuine, appear to be managed with medication, and he has not shown that the Bureau of Prisons cannot continue to provide that care. He is not at an advanced age, and the fact that he was 22 at the time of the offense does not, on this record, meaningfully add to the combination; this fact was already known to, and considered by, the sentencing and appellate courts that twice reduced his sentence.

**D. Section 3553(a) Factors**

Even if Prevatte had identified an extraordinary and compelling reason for release, the court would still be required to consider the factors set forth in 18 U.S.C. § 3553(a), and those factors would have weighed decisively against him. Prevatte

detonated a pipe bomb that killed an innocent bystander, and rather than stop, he went on to detonate additional bombs near occupied residences and a restaurant. His conduct, considered as a whole, reflected a sustained disregard for human life. A sentence of 44 years, already twice reduced from an original sentence of life imprisonment, reflects the seriousness of that conduct, promotes respect for the law, and serves the purposes of just punishment and deterrence set out in Section 3553(a)(2). *See United States v. Levine*, 2020 WL 2537786, at *4 (N.D. Ind. May 19, 2020) (denying compassionate release based on the Section 3553(a) factors given the "reprehensible and serious nature of defendant's crime").

**E. Ancillary Motions**

Prevatte's motion to amend his compassionate release motion to add a Section 1B1.13(b)(5) argument (DE # 495) and his motions to supplement the record with additional authority (DE ## 496, 501 502) are unopposed and are granted. Prevatte's motion for appointment of counsel (DE # 492) is denied, as there is no constitutional right to counsel in proceedings under Section 3582(c)(1)(A). Prevatte has demonstrated, over the course of this litigation and his prior compassionate release motion, a sustained ability to research and present detailed legal arguments on his own behalf, and the issues presented — while numerous — are not so legally or factually complex as to require appointed counsel. Prevatte's motion to temporarily stay proceedings pending the Seventh Circuit's decision in *United States v. Black,* 131 F.4th 542 (7th Cir. 2025), is denied as moot. (DE # 498.)

## V. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (DE ## 493.) The court **GRANTS** defendant's motions to amend and to supplement the record (DE ## 495, 496, 501, 502); **DENIES** defendant's motion for appointment of counsel (DE # 492); **DENIES as moot** defendant's motion to temporarily stay proceedings (DE # 498); and **DENIES as moot** defendant's motion requesting amicus support (DE # 503).

**SO ORDERED.**

Date: September 8, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT